IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA MULLAN, and all others similarly situated, | ) ) ) | CASE NO. 8:05CV540 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | MEMORANDUM |
| UNITEDHEALTH GROUP INCORPORATED, d/b/a UNITED HEALTHCARE INSURANCE COMPANY and UNITEDHEALTHCARE OF THE MIDLANDS, INC., | ) ) ) ) ) ) ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 17-1) submitted by Defendants[1] hereafter referred to collectively as "United HealthCare." The parties have submitted briefs (Filing Nos. 17, 22, 27) and indexes of evidence (Filing Nos. 20, 25, and documents under seal) in support of their respective positions. For the reasons stated below, the Defendants' Motion will be granted.

## FACTS

The material facts are not in dispute. Plaintiff Maria Mullan is a resident of Nebraska, and at all relevant times was employed by Airlite Plastics Company ("Airlite"). (Complaint, within Filing No. 1, ¶¶ 1, 4). Airlite maintains a group health insurance plan (the "Plan") with a group health insurance policy issued by United HealthCare, and Mullan was at all relevant times insured through the Plan and under the policy. (*Id.*, ¶¶ 4, 10).

---

[1] The Defendants assert that their true names are United HealthCare Insurance Company and United HealthCare of the Midlands, Inc. (See Defendants' Motion for Summary Judgment, Filing No. 17-1, p.1).

On December 18, 2003, Mullan was injured in a single-vehicle accident in Omaha, Nebraska.  (*Id.*, ¶ 9).  In addition to her group health insurance coverage, Mullan had an individual, traditional "fault," non-group automobile liability insurance contract with Progressive Insurance Company, that provided medical benefits coverage.  (*Id.*, ¶ 10). Mullan received medical treatment at Saint Joseph Hospital in Omaha, Nebraska, and the hospital on its own behalf and on behalf of Mullan made a claim to United HealthCare for payment.  (*Id.*).  United HealthCare denied the claim for benefits on the ground that it considered Mullan's automobile insurance coverage to be the primary coverage under United HealthCare's Coordination of Benefits ("COB") provision in the Plan's insurance policy.  (*Id.*, ¶ 11).

Mullan brought this action in the District Court of Douglas County, Nebraska, on her own behalf and "all others similarly situated," alleging breach of contract and bad faith on the part of United HealthCare.  (*Id*. ¶¶ 28-37).  Specifically, Mullan alleged that the COB provision in the policy issued by United HealthCare violated Neb. Rev. Stat. § 44-32,178 (Reissue 2004), and regulations lawfully promulgated by the Nebraska Department of Insurance, and that such violations caused the United HealthCare policy to be primary insurance coverage by operation of Nebraska insurance regulations.  (Complaint, ¶¶ 12-17).  Mullan seeks damages on her own behalf and on behalf of the putative class members, injunctive relief, and attorneys fees.  (*Id.*, p. 42).

United HealthCare removed the action to this Court, asserting that Mullan's claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*  (Filing No. 1).  United HealthCare now moves for

summary judgment, asserting that Mullan's individual and putative-class state-law claims are completely pre-empted by ERISA.  (Filing 17-1).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not

significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

ERISA provides that a "civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."  (ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B)).

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)."  *Id.* at 210.  "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."  *Id.*

United HealthCare contends that Mullan's claims are completely pre-empted by ERISA § 502, because she is seeking benefits under the terms of the Plan, the enforcement of rights under the terms of the Plan, or a clarification of her rights under the terms of the Plan.  Mullan claims that she seeks none of those things, because it is clear that the Plan's United HealthCare insurance policy *does not* provide primary coverage for her injuries or those of similarly situated insureds.  She contends that United HealthCare has violated a state legal duty independent of ERISA and the Plan terms, and that at no point in time could she have brought her claim under ERISA.

Although Mullan argues that she is not alleging a misinterpretation of the terms of the Plan's group health insurance policy, and that the terms of the policy are "clear and unequivocal" in their violation of independent legal duties established by Nebraska statutes and regulations, the nature of her claims indicates otherwise.  Mullan has alleged that Nebraska statutes and regulations require that group health insurance policies with a COB *must not* include in the COB any medical payment benefits from non-group, traditional "fault" contracts, and that any group health insurance policy that purports to do so will be considered the primary coverage.  (Complaint, ¶¶ 12-17).  In other words, Mullan has alleged that the Defendants' group health insurance policy in the ERISA-governed Plan was, by operation of law, the primary coverage for her medical expenses incurred in connection with her December 18, 2003, automobile accident.

Mullan's first claim in her Complaint alleges that the Defendants breached their contractual obligation to her by failing to provide primary coverage for such medical expenses, causing her damages in the approximate amount of $1,000. (Complaint, ¶¶ 29-32).  The fact that Mullan believes that the Defendants breached their *contractual*

*obligation* indicates that she is attempting to recover benefits she contends are due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, or to clarify her rights to future benefits under the terms of the Plan.  Mullan's second claim, based on alleged bad faith and deceptive trade practices, is also premised on the Defendants' alleged failure to pay benefits due to Mullan through the ERISA-governed Plan, in violation of the Model COB provisions mandated by Nebraska laws and regulations.

Mullan refers the Court to *American Medical Security, Inc. v. Auto Club Association of Michigan*, 238 F.3d 743 (6th Cir. 2001), in support of her argument that her claims are not pre-empted by ERISA.  *American Medical* involved the application of "express preemption" (or "conflict preemption") under § 514 of ERISA, codified at 29 U.S.C. § 1144, and not "complete preemption" under § 502.  Express preemption under ERISA § 514 generally provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. § 1144(a).  A "savings clause" states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).  Finally, ERISA's "deemer clause" may override the savings clause:  "Neither an employee benefit plan . . . nor any trust established under such plan shall be deemed to be an insurance company or other insurer, bank, trust company or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies."  29 U.S.C. § 1144(b)(2)(B).

Mullan argues that the Nebraska laws and regulations the Defendants allegedly violated are not preempted by ERISA § 514 because those laws and regulations are

specifically directly toward entities engaged in insurance and substantially affect the risk-pooling arrangements between the insurer and the insured.  See *Kentucky Ass'n of Health Plans v. Miller*, 538 U.S. 329, 334 (2003); *Prudential Insurance Co. of America v. National Park Medical Center, Inc.,* 413 F.3d 897, 908-12 (8th Cir. 2005).

While Mullan's arguments regarding express preemption under ERISA § 514 are well-taken, they do not overcome the fact that her claims are completely preempted under ERISA § 502.  It may well be that the Nebraska laws and regulations relied upon by Mullan are not preempted by ERISA and that such laws and regulations caused the United HealthCare policy to be the primary coverage for Mullan's medical expenses incurred in connection with her automobile accident.  It also may well be that such coverage was wrongfully denied by the Defendants and/or the Plan administrator.  That does not alter the fact that Mullan's exclusive civil enforcement remedies to recover her benefits, enforce her rights, or clarify her rights to future benefits under the Plan, are through ERISA § 502.

### CONCLUSION

Here, as in *Davila,* the interpretation of the terms of the ERISA-regulated Plan forms an essential part of Mullan's state-law claims.  The Defendants' liability under the state-law claims exists only because of the manner in which the Plan has been administered.  Mullan's state-law claims are not entirely independent of the federally-regulated contract, and, therefore, are completely pre-empted by ERISA § 502.  See *Davila*, 542 U.S. at 213-14.

IT IS ORDERED:

1.    The Defendants' Motion for Summary Judgment with respect to the Plaintiff's

      state-law claims (Filing No. 17-1) is granted;

2.    The Plaintiff, Maria Mullan, is granted leave to file an Amended Complaint

      within ten days of the date of this Order; and

3.    If no Amended Complaint is filed within ten days of the date of this Order,

      judgment will be entered for the Defendants.


Dated this 26th day of June, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge