IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA MULLAN, | ) | CASE NO. 8:05CV540 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | ON MOTION TO DISMISS |
| | ) | |
| UNITEDHEALTH GROUP, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss (Filing No. 32), pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6). For the reasons set forth below, I find that Plaintiff Maria Mullan ("Mullan"), has not stated a cause of action, and I grant the Defendants' Motion to Dismiss. Consequently, Defendants' Motion for More Definite Statement Subject to Defendants' Motion to Dismiss (Filing No. 34), is denied as moot.

**Facts**

The undisputed material facts of this case were stated in my Memorandum and Order on Defendants' Motion for Summary Judgment (Filing No. 28), and are incorporated by reference. In that Order, I granted Mullan leave to file an amended complaint so she could attempt to assert any claims she might have under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

Mullan filed a timely Amended Complaint (Filing No. 29), reasserting violations of the Nebraska coordination of benefits ("COB") insurance rules, 210 Neb. Admin. Code § 39-001 *et seq.*; and the Nebraska Unfair Insurance Trade Practices Act, Neb. Rev. Stat. §§ 44-1522 *et seq.* (Filing No. 29, 6–10). Mullan's Amended Complaint also included

claims under 29 U.S.C. § 1132 (a)(1)(B);[1] and 29 U.S.C. § 1132 (g)(1)[2] (Filing No. 29, 8–9). Finally, the Amended Complaint broadened the prospective class from those residing in Nebraska to all "insureds or enrollees of fully insured UnitedHealth group health plans issued in the State of Nebraska *and in other various states* who . . . are entitled to the protection and benefits afforded to them by virtue of the Model Group COB *or other similar state statutes* . . . ." (Filing No. 29, 2) (emphasis added).

The Defendants filed a timely Motion to Dismiss, along with a timely Motion for More Definite Statement. In their Brief in Support of their Motion to Dismiss (Filing No. 33), the Defendants argue that Mullan has not properly pled a cause of action under ERISA, and, in the alternative, that the class description is too vague to give Defendants notice as to the members of the class. Mullan filed no brief in opposition.

## Standard of Review

In considering a motion to dismiss a complaint under Rule 12(b)(6), a district court must assume all the facts alleged in the complaint are true; further, a court must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him or her to

---

[1] Mullan asserts a cause of action under 29 U.S.C. § 1132 (a)(b). However, because there is no such section, I examine her claim under 29 U.S.C. § 1132 (a)(1)(B).

[2] Mullan asserts a cause of action under 29 U.S.C. § 1132 (g)(i). However, because there is no such section, I examine her claim under 29 U.S.C. § 1132 (g)(1). This section provides attorney's fees to a participant, beneficiary, or fiduciary for "any action under [§ 502]" as the court, in its discretion, may allow. 29 U.S.C. § 1132 (g)(1). Because I do not find a sufficiently pled cause of action under 29 U.S.C. § 1132 (a)(1)(B), I need not discuss the possibility of awarding attorney's fees.

relief. *Young*, 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Schmedding*, 187 F.3d at 864.

## Discussion

Mullan asserts that the Defendants violated the Nebraska COB insurance rules, the Nebraska Unfair Insurance Trade Practices Act, and various sections of ERISA, thereby injuring her. However, Mullan fails to direct this Court to any Nebraska statute that creates a private cause of action for violation of Nebraska's COB insurance rules or its Unfair Insurance Trade Practices Act. Although Mullan also alleges an ERISA violation, she does not provide any facts that support an ERISA violation. Rather, she merely references ERISA and then reasserts the violations of the Nebraska statutes.[3] Therefore, I find that she has not stated a cause of action that entitles her to relief.

**1.    No Private Cause of Action Under Nebraska Law**

---

[3]The ERISA claim is structured as follows:
>    31. UnitedHealth, by violating the various state laws and regulations, breached its contractual obligation to Plaintiff, Mullan . . . .
>    32. By virtue of the breach of UnitedHealth's contractual obligation Plaintiff, Mullan, brings this claim pursuant to 29 U.S.C.S. § 1132(a)[(1)]([B]) . . . .

(Filing No. 29, 8). In other words, Mullan asserts that state law creates benefits to which Mullan is entitled, and failure to give those benefits is a federal violation, one which can be redressed through ERISA's civil enforcement clause that allows a beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

However, ERISA does not allow one to maintain a state cause of action through its civil enforcement clauses. Mullan must be able to assert her claim independent of (without citation to) any preempted state law cause of action. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–09 (2004) ("'The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Her reliance on the Nebraska statutes demonstrates that she is still attempting to assert claims this Court has deemed preempted by ERISA.

3

Mullan claims that the Defendants' breach of contract arises under the Nebraska COB rules, 210 Neb. Admin. Code § 39-001 *et seq.*, and Neb. Rev. Stat. § 44-1525, part of the Unfair Insurance Trade Practices Act. She cites to title 210 of the Nebraska Administrative Code, which states:

> Reduction or coordination of benefits, directly or indirectly, except as expressly permitted in this regulation and the Nebraska Insurance Laws shall be considered an unfair method of competition and an unfair and deceptive act or practice prohibited by Neb. Rev. Stat. § 44-1525. Any insurer, agent, representative, person or employee of any such insurer failing to comply with the requirements of this regulation shall be subject to such penalties as may be appropriate under the insurance laws of this State.

210 Neb. Admin. Code § 39-007. In short, Mullan claims that the Defendants violated the Nebraska COB rules, and that a violation of the Nebraska COB rules is a violation of the Nebraska Unfair Insurance Trade Practices Act.

Noticeably absent from the Nebraska COB rules is any civil remedy provision or authorization of a private cause of action.[4] Further, Mullan has cited no authority that

---

[4]The Nebraska COB does create a right-of-subrogation cause of action for a complying plan against a non-complying plan. *See* 210 Neb. Admin. Code § 39-006.04B(4) ("If: [] the Noncomplying Plan reduces its benefits so that the employee, subscriber, or member receives less in benefits than he or she would have received had the Complying Plan paid or provided its benefits as the Secondary Plan and the Noncomplying Plan paid or provided its benefits as the Primary Plan; and [] governing state law allows the right of subrogation . . . [t]hen the Complying Plan shall advance to or on behalf of the employee, subscriber, or member within 20 working days an amount equal to such difference. However in no event shall the Complying Plan advance more than the Complying Plan would have paid had it been the Primary Plan less any amount it previously paid. In consideration of such advance the Complying Plan shall be subrogated to all rights of the employee, subscriber, or member against the Noncomplying Plan. Such advance by the Complying Plan shall also be without prejudice to any claim it may have against the Noncomplying Plan in the absence of such subrogation."). But I have not found, and Mullan has not directed me to, any section that creates a private cause of action for a beneficiary who is injured due to a company's noncompliance with the Nebraska COB rules.

Mullan also asserts in her Amended Complaint, on behalf of her class, that it is her belief that "the Model Group COB has been adopted by various other states throughout the United States in which the Defendant sells similarly worded fully insured health care plans." (Filing No. 29, 4). Since Mullan has provided no citation to another state's statutes, I need not comment on whether another state has a similar COB statute, or whether it creates a private right of action.

4

provides a private right of action for violation of the Nebraska Unfair Insurance Trade Practices Act, nor have I, in examining Nebraska law, found any such authority. Case law appears to support the opposite proposition—that violation of the Nebraska Unfair Insurance Trade Practices Act provides no private cause of action, but enforcement of that Act is left to the administrators of the Nebraska Department of Insurance. *See Allied Fin. Servs., Inc. v. Foremost Ins. Co.*, 418 F. Supp. 157, (D. Neb. 1976) ("Neb. Rev. Stat. §§ 44-1522 *et seq.* does not contemplate private suits, but instead vests powers and duties in the State Director of Insurance, who is empowered to enjoin and penalize certain prohibited acts."); *White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982) (forgoing comment as to whether *Allied Financial Services* correctly stated that there is no private cause of action for violations of §§ 44-1522 *et seq.*). Therefore, Mullan has not pled any state cause of action through which she would be entitled to relief.

**2.   ERISA Preemption**

Even if Mullan did have a right to a private cause of action, any civil remedy provided through the Nebraska statutes would be preempted by ERISA. As stated in my previous Memorandum and Order, there are two types of preemption—express preemption and complete preemption. *See Prudential Ins. Co. Of Am. v. Nat'l Park Med. Ctr.*, 413 F.3d 897, 907 (8th Cir. 2005). Express preemption arises under ERISA § 514, 29 U.S.C. § 1144, and "preempts any state law that 'relate[s] to any employee benefit plan.'" *Id.* (quoting 29 U.S.C. § 1144(a)). Complete preemption, on the other hand, "occurs whenever Congress 'so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481

U.S. 58, 63–64 (1987)).  Complete preemption includes "any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, *even a claim purportedly raising only a state-law cause of action*."  *Id*. (emphasis added).

ERISA § 502 contains six different civil enforcement provisions.  In this case, Mullan has cited to § 502(a)(1)(B), which provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."  29 U.S.C. § 1132 (a)(1)(B).  Under this ERISA section, "any suit by a plan participant to enforce benefits wrongly denied that participant would be completely preempted."  *Prudential Ins. Co. of Am.*, 413 F.3d at 914.  Therefore, any civil remedy for Mullan's state law claims would be included in this category of complete preemption.

Mullan fails to acknowledge the distinction between state statutes defining COB violations, and any state law that might create a private civil remedy for such a violation.[5] Although I need not address whether ERISA's saving clause saves the statute sections creating the Nebraska COB from preemption, I do find that any provision creating a *civil remedy* for violation of the Nebraska COB would be preempted by ERISA's civil

---

[5] A set of state statutes can be drafted such that some of the provisions fall under § 514 while others fall under § 502.  Therefore, it can be that the sections creating a state violation fall under § 514 (thereby forcing the question whether such sections are saved under § 514's saving clause), while the sections creating a private cause of action for that violation fall under § 502.  "[E]ven a state law that is saved from express preemption under ERISA § 514 'will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.'" *Prudential Ins. Co. Of Am.*, 413 F.3d at 914 (quoting *Davila*, 542 U.S. at 217–18 ). In this case, the statute sections creating the Nebraska COB violation would be subject to § 514 (express preemption), while any statute section creating a private civil remedy would be subject to § 502 (complete preemption).

enforcement language. Even *if* Defendants violated the Nebraska COB regulations and, consequently, the Nebraska Unfair Insurance Trade Practices Act; *and* Mullan was injured as a result of those violations; *and* Nebraska law *did* recognize a private right of action—Mullan's private civil claim is one for benefits wrongfully denied, and is therefore completely preempted. She has failed to allege facts that would support an ERISA claim, and consequently has not stated a cause of action for which she can be granted relief.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Filing No. 32), is granted, and Plaintiff's First Amended Complaint (Filing No. 29) is dismissed, with prejudice; and

2. Defendants' Motion for More Definite Statement (Filing No. 34), is denied as moot.

DATED this 30th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge